TUCKER ELLIS LLP
Bart L. Kessel - SBN 125080
bart.kessel@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071
Telephone:     213.430.3400
Facsimile:      213.430.3409

BROOKS KUSHMAN P.C.
Thomas W. Cunningham (P57899)
Frank A. Angeleri (P45611)
John P. Rondini (P72254)
150 W. Second St., Suite 400N
Royal Oak, MI 48067-3846
Telephone: 248-358-4400

Attorneys for Defendants
BRINK SOFTWARE, INC. and
PAR TECHNOLOGY CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH INC..,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BRINK SOFTWARE, INC., a California corporation; and PAR TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>　　　　Defendants.<br><br>BRINK SOFTWARE, INC., a California corporation; and PAR TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>　　　　Cross-Complainants,<br><br>　v.<br><br>AMERANTH INC.,<br><br>　　　　Cross-Defendant. | Case No. '25CV2302 RSH BLM<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. 1441(A) (FEDERAL QUESTION)**<br><br>San Diego County Superior Court Case No. 25CU038716C<br><br>Complaint Filed: July 23, 2025<br>Complaint First Served: August 5, 2025 |

DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(A) (FEDERAL QUESTION)

**TO THE CLERK OF THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1338, 1441, 1446 and 1454, Defendants Brink Software, Inc. ("Brink") and Par Technology Corp. ("PAR") (collectively, "Defendants") remove the action styled *Ameranth Inc. v. Brink Software, Inc., a California corporation, and Par Technology Corporation, a Delaware corporation,* Case No. 25CU038716C, ("State Court Action") from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

As explained below, the United States District Court for the Southern District of California has original subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1338, 1441, and 1454, because Plaintiff's claims necessarily involve the resolution of underlying disputed questions of federal law.

## I.   SUMMARY OF THE RELEVANT FACTS

1. On July, 23 2025, Plaintiff and Cross-Defendant Ameranth, Inc. ("Ameranth") filed a complaint against Brink and PAR in the Superior Court of the State of California for San Diego County (the "Complaint"). Brink was served the Complaint on August 5, 2025; PAR was served on August 7, 2025. Ameranth's Complaint is attached to this Notice as **Exhibit A**.

2. The Complaint in the State Court Action alleges breach of a patent license agreement entered between Ameranth and Brink on or about September 30, 2011 (the "Brink License Agreement"). The Complaint seeks relief for an alleged breach of the Brink License Agreement, unjust enrichment, and declaratory relief requiring Defendants to provide quarterly reports and to pay Ameranth royalty payments from March 15, 2022 up through June 26, 2025, purportedly required by the Brink License Agreement.

3. However, the contractual issues and request for declaratory relief are unavoidably tied to the following Ameranth's patents, United States Patent Nos. U.S. Patent Nos. 11,276,130 (the '130 Patent"), 11,842,415 (the '415 Patent"), 11,847,587 (the '587 Patent"), and 12,293,425 (the '425 Patent") (collectively, the "Ameranth Patent

Family") and U.S. Patent Nos. 11,770,304 (the '304 Patent") and 11,985,039 (the '039 Patent") (collectively "Ameranth's New Patents"). It is apparent from a review of the Complaint that resolution of Ameranth's claims in the State Court Action depend upon consideration of federal patent law issues, such as patent claim scope, patent infringement, patent validity, patent non-infringement and patent misuse, such that federal questions are at the center of Ameranth's contract claims.

4.  On September 3, 2025, Defendants filed an answer to the Complaint in the State Court Action.  A true and correct copy of Defendants' Answer is attached to this Notice as **Exhibit B**.  The defenses include, among others, Defendants no breach because Defendants products do not fall within the scope of any of the Ameranth Patents; non-infringement of any of the Ameranth patents; the invalidity of the Ameranth Patents that are the subject of the Brink and PAR License Agreements (the United States Patent and Trademark Office ("PTO") and/or Federal Circuit Court of Appeals already determined that U.S. Patent Nos. 6,384,850 (the "'850 Patent"); 6,871,325 (the "'325 Patent"); 6,982,733 (the "'733 Patent"); 8,146,077 (the "'077 Patent") and  9,747,651 (the "'651 Patent") are invalid); the unenforceability of the '425 Patent as a result of Ameranth's fraud on the PTO; patent misuse; and the preemption of Ameranth's causes of action by federal law. These affirmative defenses present federal questions.

5.  The Answer expressly reserved Defendants' right to remove this action to federal court. Ex. B, at 2.

6.  On September 4, 2025, Defendants also filed a cross-complaint, seeking declaratory judgments pursuant to 28 U.S.C. § 2201 of (i) no breach of the Brink License, (ii) non-infringement of the '130, '415, '587 and '425 Patents under 35 U.S.C. § 271, (ii) invalidity of the '130, '415, '587, '425, '304 and '039 Patents under 35 U.S.C. §§ 101, 102, 103, and/or 112; (iv) unenforceability of the '425 Patent as a result of Ameranth's fraud on the PTO, as well as an award under 35 U.S.C. § 285 (collectively, "Defendants' Cross-Claims"). A true and correct copy of Defendants' Cross-Complaint is attached to this Notice as **Exhibit C**.

7.     The State Court Action relates to multiple federal suits Ameranth has previously filed in, or removed from California state court to, the United States District Court for the Southern District of California, including (1) cases of over 50 other defendants accused by Ameranth of infringing patents in the Ameranth Patent Family, *In re Ameranth Cases*, No. 3:11-cv-01810 (hereafter, the "Main Patent Case"); (2) breach of an Ameranth license to the Ameranth Patent Family to Splick-It, Inc. ("Splick-It") and (3) breach of an Ameranth license to the Ameranth Patent Family to ChowNow, Inc. ("ChowNow"). The Parties' claims in the State Court Action are related to the same technology, circumstances, witnesses, discovery, and patent issues as those in these cases.

## II.    BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

8.     The State Court Action is an action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338, and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446, and 1454.

9.     Further, federal question jurisdiction is available in actions involving state law claims, where those claims necessarily involve the resolution of underlying disputed questions of federal law. See, e.g., *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315-16 (2005) (affirming federal question jurisdiction over state quiet title action based on need to resolve predicate issue under federal Internal Revenue Code); *Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1310 (Fed. Cir. 2011) (holding "that the dispute between PTI and Tessera—as to whether the license agreement requires royalty payments to be tied to valid patent coverage—is sufficient to support declaratory judgment jurisdiction,"); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (federal question removal jurisdiction proper where state lawsuit turns upon defendant's compliance with a federal regulation).

10.    In the State Court Action, Defendants have asserted cross-claims for relief and defenses arising under an Act of Congress relating to patents, and removal to this District is authorized by at least 28 U.S.C. § 1454, which allows patent law counterclaims, or in this case, cross-claims, to serve as a basis for removal to federal court. See *Ameranth v.*

*ChowNow, Inc.*, No. 20-cv-02167-BEN-BLM, 2021 WL 3686056 at *13-14 (S.D. Cal. Aug. 19, 2021); *Alexsam, Inc. v. Green DOT Corp.*, No. 2:15-cv-05742-CAS, 2015 U.S. Dist. LEXIS 134689, at *10 (C.D. Cal. Sep. 28, 2015) (Section 1454 "allows a defendant to remove a case based on the assertion of a patent counterclaim."); *Am. Innovation Corp. v. Raytheon Co.*, No. 14-1247-JLS, 2014 WL 12599805, at *2 n.1 (C.D. Cal. Oct. 7, 2014) ("[A]n action involving a counterclaim arising under the patent laws may be removed pursuant to § 1454(a)."); *Honeywell Int'l Inc. v. OPTO Elecs. Co., LTD.*, 135 F.4th 170 (2025) (federal courts have jurisdiction over counter-claims of patent misuse.) Moreover, the contents of the Complaint revolve around matters that implicate and arise under the patent laws of the United States.

11. This Court also has supplemental jurisdiction over any state law claims that are deemed not to arise under the patent laws. See *Bahramoour v. Lambert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together.") (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)). To the extent any such claims can be considered distinct from the patent law related claims, they arise under the same operative facts as such claims, and under the same operative facts as the General Denial, Affirmative Defenses, and Cross-Complaint of Defendants. Thus, any such claims are related and form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

12. A recent case with nearly identical facts, and involving the same Plaintiff, Ameranth, Inc., and the same Ameranth Patent Family, also supports federal question jurisdiction for Defendants' patent law claims and supplemental jurisdiction for any related breach of contract claims. See *Ameranth v. ChowNow, Inc.*, No. 20-cv-02167-BEN-BLM, 2021 WL 3686056 (S.D. Cal. Aug. 19, 2021). In that case, Ameranth, the same Plaintiff and Cross-Defendant here, filed an action against ChowNow, Inc. in the California Superior Court for the County of San Diego and alleged claims for breach of contract and

declaratory relief against ChowNow. See *Ameranth, Inc. v.* ChowNow, Inc., San Diego Superior Court Case No. 37-2020-00034944-CU-BC-CTL. The contract at issue there was a license agreement between Ameranth and ChowNow for the Ameranth Patent Family.

13. ChowNow filed an Answer to Ameranth's Complaint and a Cross-Complaint, both of which alleged, among other things, that two of the patents in the Ameranth Patent family, the '077 and '060 Patents, are not infringed, invalid, and unenforceable. See *ChowNow*, 2021 WL 3686056, at *5. That same day, ChowNow removed the case to this court, asserting: "(1) both its non-infringement and invalidity counterclaims (which are not mooted by Plaintiff's limited covenant not to sue) and Plaintiff's originally asserted claims arise under the federal patent laws; (2) claims arising under the patent laws must be brought in a federal court; and (3) even if this Court found that some of Plaintiff's claims do not arise under federal patent law, it would still have supplemental jurisdiction over those claims because Plaintiff's claims "are so related" to Defendant's cross-claims "that they form part of the same case or controversy." *Id*. at 9.

14. Judge Benitez of this Court found "[t]his Court finds Plaintiff's Complaint implicates federal question jurisdiction" and "federal jurisdiction also exists to adjudicate Defendant's counterclaims." *Id*. at 11.

## III. DEFENDANTS HAVE SATISFIED THE OTHER PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL.

15. The Superior Court of the State of California, County of San Diego, is located within the Southern District of California, *see* 28 U.S.C. § 84(d), and venue for this case is proper in this Court under 28 U.S.C. § 1446(a) because the Southern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served by Defendants upon Plaintiff are attached to this Notice as Exhibits B and C.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served by Plaintiff upon Defendants are attached to this Notice as Exhibits A and D.

18. Defendants will promptly file a copy of this Notice with the Clerk of the Superior Court for the State of California, County of San Diego, as required by 28 U.S.C. § 1446(d).

19. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice of Removal will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

20. Plaintiff served Brink with the summons and original complaint on August 5, 2025. Plaintiff served PAR with the summons and original complaint on August 7, 2025. Therefore, removal is timely as this Notice of Removal was filed within thirty days of Brink's receipt of the initial pleadings and summons. *See* 28 U.S.C. § 1446(b)(2)(A).

21. No previous application has been made for the relief requested in this Notice of Removal.

22. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants give notice that the matter bearing the case number 25CU038716C, currently pending in the Superior Court of the State of California, County of San Diego, is removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq*.

DATED: September 4, 2025                    TUCKER ELLIS LLP

By: /s/ *Bart L. Kessel*
Bart L. Kessel
Attorneys for Defendants
BRINK SOFTWARE, INC. and
PAR TECHNOLOGY CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within entitled action. My business address is 515 South Flower Street, Forty Second Floor Los Angeles, CA 90071. My electronic address is sofia.escalante@tuckerellis.com.

On September 4, 2025, I served the foregoing document(s) described as **NOTICE OF REMOVAL UNDER 28 U.S.C. 1441(A) (FEDERAL QUESTION)** on the interested party(ies) in this action as follows:

[See Attached Service List.]

(XX) **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on that date following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Los Angeles, California, in a sealed envelope with postage fully prepaid.

( ) **BY OVERNIGHT DELIVERY**: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed as noted below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

( ) **BY FACSIMILE:** Based on agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. The telephone number of the sending fax machine was 213.430.3409. The sending facsimile machine issued a transmission report confirming the transmission was complete and without error. A copy of that report is attached.

(XX) **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

( ) **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

(XX) **FEDERAL**: I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 4, 2025, at Los Angeles, California.

*/s/ Sofia Escalante*
Sofia Escalante

## SERVICE LIST

*Ameranth, Inc. v. Brink Software, Inc., et al.*
Case No.: 25CU038716C

| | |
|---|---|
| Brandon J. Witkow<br>witkow \| baskin<br>21031 Ventura Boulevard, Suite 700<br>Woodland Hills, California 91364<br>Telephone: 818.296.9508<br>Email: bw@witkowlaw.com | *Attorneys for Plaintiff*<br>*AMERANTH, INC.* |
| Stephen G. Larson<br>Larson LLP<br>555 S Flower Street, 30th Floor<br>Los Angeles, CA 90071<br>Telephone: 213.436.4888<br>Email: slarson@larsonllp.com | *Attorneys for Plaintiff*<br>*AMERANTH, INC.* |
| Robert F. Ruyak<br>Larson LLP<br>900 17th Street NW, Suite 200<br>Washington, DC 20006<br>Telephone: 202.795.4900<br>Email: rruyak@larsonllp.com | *Attorneys for Plaintiff*<br>*AMERANTH, INC.* |
| Shekhar Vyas<br>Stamoulis & Weinblatt LLC<br>302 Washington Street, #150-2028<br>San Diego, CA 92103<br>Telephone: 302.999.1540<br>Email: vyas@swdelaw.com | *Attorneys for Plaintiff*<br>*AMERANTH, INC.* |
| Richard C. Weinblatt<br>Stamoulis & Weinblatt LLC<br>800 N. West Street, Third Floor<br>Wilmington, DE 19801<br>Telephone: 302.999.1540<br>Email: weinblatt@swdelaw.com | *Attorneys for Plaintiff*<br>*AMERANTH, INC.* |