UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.<br><br>         Plaintiff,<br><br>v.<br><br>BRINK SOFTWARE, INC., a California corporation; and PAR TECHNOLOGY CORPORATION, a Delaware corporation,<br><br>         Defendants. | Case No.: 3:25-cv-2302-RSH-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[ECF No. 20] |
| AND RELATED CROSS-COMPLAINT | |

Before the Court is a motion to remand filed by plaintiff Ameranth, Inc. ("Ameranth"). ECF No. 20. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court denies Plaintiff's motion.

## I. BACKGROUND

### A. Parties' Allegations

This case arises from a dispute as to the terms of a licensing agreement between plaintiff Ameranth and defendant PAR Technology Corporation ("PAR") and its subsidiary, defendant Brink Sofware, Inc. ("Brink"). The Amended Complaint, ECF No.

18, and Amended Counterclaim, ECF No. 25, allege as follows.

### 1.    The Brink Licensing Agreement

Plaintiff Ameranth is a "computing technology and intellectual property licensing" company located in San Diego, California. ECF No. 18 ¶ 12. Between 2006 and 2008, Ameranth developed multiple products, including a prototype hosted point-of-sale software system. *Id.* In 2008, Ameranth halted new product development to focus on intellectual property licensing. *Id.* ¶ 13.

In late 2008, four former Ameranth employees founded defendant Brink, a company that provides cloud-based point-of-sale software to restaurant clients. *Id*. ¶ 14; ECF No. 25 ¶ 82. In 2011, Brink and Plaintiff entered into a licensing agreement. ECF Nos. 18 ¶ 17; 25 ¶ 85.  The agreement granted Brink a "Patent License" for certain "Licensed Patents," which the agreement defined as a group of three patents—U.S. Patent Nos. 6,384,850, 6,871,325, and 6,982,733—"all reissues and reexaminations" of these patents, and "all patents claiming priority from any applications from which any of the" patents issued. ECF No. 18, Ex. A § 1.3.

Under the licensing agreement, Brink was required to make two lump sum payments "in consideration for the Patent License for the period up to and including" the year following the signing of the contract, *id.* § 5.1, and to pay "an ongoing royalty for Brink's online/mobile food/drink ordering/menu hosting system/service for the period" following the period covered by the lump sum payments, *id.* § 5.2. The agreement provided that license fees would no longer be due "if all claims of [Plaintiff's] Licensed Patents are <u>finally</u> held invalid and/or the patents are held to be unenforceable (after all appeals are exhausted) prior to the date that such fees are otherwise due . . . ." *Id.* § 5.3.

### 2.    PAR Acquires Brink and Ceases Royalty Payments

In 2014, defendant PAR acquired Brink and integrated Brink's line of services into its own systems. ECF Nos. 18 ¶ 28; 25 ¶ 92. While PAR had its own licensing agreement with Plaintiff, PAR continued paying royalties to Plaintiff under the Brink licensing agreement. ECF Nos. 18 ¶ 29; 25 ¶ 98.

3:25-cv-2302-RSH-BLM

In 2020, defendant PAR ceased paying royalties to Plaintiff under either agreement. ECF Nos. 18 ¶¶ 32-34; 25 ¶ 99. As grounds for nonpayment, Defendants cited the alleged invalidity of Plaintiff's patents, as well as PAR's cessation of selling Brink software and services. ECF No. 25 ¶¶ 95, 101, 106. In response, Plaintiff declared defendant PAR to be in breach of the Brink licensing agreement. ECF Nos. 18 ¶ 33; 25 ¶ 104. The Parties proceeded to mediation in early 2021 but failed to resolve their dispute. ECF Nos. 18 ¶ 36; 25 ¶ 110.

### 3.    Subsequent Ameranth Patents

Since the Parties' failed mediation, Ameranth has continued to apply for and obtain newly issued patents in the same family as the Licensed Patents. ECF Nos. 18 ¶ 55; 25 ¶¶ 113, 114, 116. Defendants assert these patents do not create new royalty obligations under the Brink licensing agreement, while Plaintiff contends the new patents qualify as Licensed Patents, for which Defendants owe royalties, under the Brink licensing agreement. ECF Nos. 18 ¶ 57; 25 ¶ 124.

### B.    Procedural History

On July 23, 2025, Plaintiff brought this action in San Diego Superior Court to recover royalty fees under the Brink licensing agreement. ECF No. 1 ¶¶ 1-3. The Complaint asserted causes of action for: (1) breach of contract; (2) declaratory relief; and (3) unjust enrichment. ECF No. 1-2.

On September 3, 2025, Defendants filed an Answer. *Id.*, Ex. B. The following day, Defendants filed a counterclaim seeking declaratory judgments of non-infringement, invalidity, unenforceability, and misuse of patents that Plaintiff argues fall within the scope of the Brink licensing agreement. *Id.*, Ex. C. That same day, Defendants removed the case to this Court under 28 U.S.C. § 1454. ECF No. 1 ¶ 10.

On October 20, 2025, Plaintiff filed an Amended Complaint to correct the inadvertent omission of exhibits from its original Complaint. ECF Nos. 17, 18. On November 10, 2025, Plaintiff filed the instant motion to remand, as well as a motion to dismiss Defendants' counterclaim for lack of subject matter jurisdiction, and a motion to

strike Defendants' answer and counterclaim. ECF No. 20. On January 9, 2026, Defendants filed an Amended Counterclaim that withdrew their counterclaims requesting a declaratory judgment of patent non-infringement, and added a counterclaim for equitable estoppel. ECF Nos. 25, 25-2 (redline of changes to the original counterclaim). Plaintiff again moved to strike and dismiss the Amended Counterclaim. ECF No. 30.

The motion to remand, ECF No. 20, is fully briefed. ECF Nos. 26 (Opposition), 29 (Reply).

## II.    LEGAL STANDARD

"The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a).

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (citation omitted).

Federal question jurisdiction extends to "any civil action arising under any Act of Congress relating to patents . . . ." 28 U.S.C. § 1338(a). A case arises under federal patent laws if (1) its cause of action is created by patent law, or (2) the asserted claims "necessarily raise" an "actually disputed and substantial" question of patent law "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 257-58 (2013). The Supreme Court has called the second category of cases—in which state law claims can give rise to federal jurisdiction—"special and small." *Id.* at 258.

3:25-cv-2302-RSH-BLM

Removal is narrowly construed, and there is a "strong presumption against removal." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citation omitted). The defendant "always has the burden of establishing that removal is proper." *Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024).

## III. DISCUSSION

Defendants allege two bases for removing this case from state court. First, Defendants allege their counterclaims confer federal jurisdiction because they arise under federal patent law. ECF No. 1 at 4-5. Second, Defendants allege that the Amended Complaint "revolve[s] around matters that implicate and arise under" federal patent law. *Id.* at 5.

Plaintiff does not dispute that Defendants' counterclaims arise under federal patent law; instead, it argues that Defendants' counterclaims do not confer federal jurisdiction because they should be dismissed as duplicative of Defendants' affirmative defenses. ECF No. 20-1 at 18. Plaintiff also contends that its breach-of-contract state-law claims do not "necessarily raise" patent law issues; therefore, its complaint "is not a suit under the patent laws of the United States" and is not subject to federal jurisdiction. ECF No. 20-1 at 12 (quoting *Luckett v. Delpark, Inc.*, 270 U.S. 496, 502-503 (1926)).

### A. Removal under 28 U.S.C. § 1454

The Court begins with Defendants' first basis for removal. Under 28 U.S.C. § 1454:

> A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents . . . may be removed to the district court of the United States for the district and division embracing the place where the action is pending.

This provision was "intended to provide federal courts . . . with a broader range of jurisdiction; that is, with jurisdiction over claims arising under the patent laws *even* when asserted in counterclaims, rather than in an original complaint." *Vermont v. MPHJ Tech. Invs., LLC*, 803 F.3d 635, 644 (Fed. Cir. 2015).

Here, Defendants' counterclaims for patent invalidity provide a basis for removal under § 1454 because they arise under federal patent law. *See Rembrandt Diagnostics, LP*

3:25-cv-2302-RSH-BLM

*v. Innovacon, Inc.*, No. 16-cv-0698 CAB (NLS), 2018 U.S. Dist. LEXIS 231599, at \*10 (S.D. Cal. Mar. 23, 2018) ("[Defendant's] . . . counterclaim for the invalidity . . . of [Plaintiff's] patents that are the subject of the contract claim could not be heard in state court and give rise independently to federal jurisdiction."); *Ameranth, Inc. v. Splick-It, Inc.*, No. 17cv1093 DMS (WVG), 2017 U.S. Dist. LEXIS 224205, at \*5 (S.D. Cal. Aug. 4, 2017) (patent invalidity claim "arises under the Patent Act, and therefore provides a basis for removal under § 1454"); *Schwarzkopf Dev. Corp. v. Ti-Coating, Inc.*, 800 F.2d 240, 244 (Fed. Cir. 1986) (declaratory judgment counterclaims for "patent invalidity . . . are within the jurisdiction of the district court under § 1338"); *Microsoft Corp. v. GeoTag, Inc.*, 817 F.3d 1305, 1312 n.8 (Fed. Cir. 2016) ("whether [a patent] is invalid" is "unquestionably" an issue "arising under federal patent law"). *See also Honeywell Int'l Inc. v. Opto Elecs. Co.*, 135 F.4th 170, 177-79 (4th Cir. 2025) (citing *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 196-98 (2014)) (concluding patent misuse declaratory counterclaims "arise under" patent law because they could defend against a hypothetical patent infringement suit).

Plaintiff contends that "Defendants cannot rely on their . . . counterclaims for jurisdiction" because Defendants' counterclaims are "simply affirmative defenses cast as counterclaims" and therefore "should be dismissed." ECF No. 20-1 at 18. In support of this argument, Plaintiff cites out-of-circuit cases where counterclaims were either dismissed or were not permitted because they were duplicative of affirmative defenses; however, in neither case were counterclaims dismissed on a motion to remand, or as part of a jurisdictional analysis. *See id.* (citing *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 69 F. Supp. 3d 1136, 1145 (D. Colo. 2014) (order on motion for summary judgment) and *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 851-853 (N.D. Ill. 1990) (order on motion for leave to file a counterclaim)). Plaintiff mischaracterizes another case, *Epic Games, Inc. v. Acceleration Bay LLC*, which in fact contradicts Plaintiff's position. *See* ECF No. 20-1 at 18; No. 4:19-CV-04133-YGR, 2020 WL 1557436 (N.D. Cal. Apr. 1, 2020). The *Epic Games* court *declined* to strike counterclaims that were redundant of affirmative defenses

because, independent of a plaintiff's claims, "[a] defendant in a patent case has 'something to gain from a counterclaim declaration of invalidity'—it can go on to develop its products without fear of infringing the invalid patent." 2020 WL 1557436 at *3 (citation omitted).

Plaintiff has not provided support for its argument that Defendants' counterclaims should be dismissed on a motion to remand rather than on a ruling on the merits; therefore, at this stage, the Court declines to address the separate question of whether Defendants' counterclaims would ultimately survive on the merits.

Because federal jurisdiction exists based on at least Defendants' patent invalidity counterclaims, the Court declines to assess whether it could exercise jurisdiction based on Defendants' other counterclaims, or Plaintiff's claims, at this time. *See* 28 U.S.C. § 1454 ("a claim" arising under federal patent law provides grounds for removal of the entire action); *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) ("[T]he presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal.").

**IV.    Conclusion**

For the reasons set out above, Plaintiff's motion to remand [ECF No. 20] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 5, 2026

_____
Hon. Robert S. Huie
United States District Judge

3:25-cv-2302-RSH-BLM